UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CORKY REED LUCAS,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )   NO. 3:21-cv-00787 |
| | ) |
| **ANGIE LEMMONS, Jail Administrator,** | ) |
| | ) |
|     **Respondent.** | ) |

### MEMORANDUM OPINION AND ORDER

Corky Reed Lucas, a state inmate proceeding pro se, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the determination of his date of release from incarceration. (Doc. No. 1).

### I. PAUPER STATUS

On October 20, 2021, the Court ordered Petitioner to pay the five-dollar habeas filing fee or file an application for leave to proceed in forma pauperis (IFP) if he wished to proceed with this action. (Doc. No. 5). On November 1, Petitioner filed an IFP application reflecting his lack of any assets or income (Doc. No. 8), along with a document stating that he had attempted to obtain a trust fund account statement but "Angie Lemmons refused to fill it out and transferred [Petitioner] to another jail." (Doc. No. 9). Because these filings substantially comply with the requirements of Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"),[1] and demonstrate Petitioner's inability to pay the filing fee, the IFP application (Doc. No. 8) is **GRANTED**.

---

[1] The rules governing habeas filings under 28 U.S.C. § 2254 also apply to Section 2241 cases, see Habeas Rule 1(b), and require that petitioners seeking pauper status submit a declaration that they are unable to pay the fee accompanied by a certification of their inmate trust account balance. Habeas Rule 3(a).

## II. INITIAL REVIEW OF THE PETITION

The petition is now before the Court for an initial review under Habeas Rule 4, which requires the Court to examine the petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

Petitioner was sentenced in Humphreys County Criminal Court on September 20, 2021 (see Doc. No. 1 at 7) and filed his petition in this Court three weeks later, on October 14, 2021. The sole claim of the petition concerns Humphreys County Jail Administrator Angie Lemmons's determination that Petitioner should be released from incarceration when his one-year sentence expires in 2022, rather than on the date of his eligibility for early release (after the application of pretrial jail credits) in October 2021. (See id. at 3–5, 7 ("Now the Jail Administrator is not giving me my credits as indicated in the court order and she is intentionally altering my time."); see also Doc. No. 6 at 5). However, on November 1, 2021, Petitioner notified the Court that he had been transferred from the Humphreys County Jail to the Montgomery County Workhouse in Clarksville, Tennessee. (Doc. No. 7). It is not clear to the Court whether Petitioner is to serve the balance of his one-year sentence at the Montgomery County Workhouse or is confined there on a track toward early release.[2] It is also unclear if Petitioner continues to be aggrieved by the calculation of his release date now that he is no longer subject to Lemmons's authority.[3]

---

[2] See https://mcgtn.org/sheriff/detention/custody-division (last visited November 30, 2021) ("Up to 144 male inmates may be held at the Montgomery County Workhouse, many of whom report for confinement Friday evening through Sunday afternoon. Some inmates assigned to the Workhouse have the opportunity to work off a portion of their sentence by working with a litter abatement crew.").

[3] In his most recent filings (Doc. Nos. 6, 9), Petitioner accuses Lemmons of "engaging in an ongoing racketeering fraud scheme . . . to steal [his] inheritance," and pleads for the Court to coordinate with the

Prior to filing a Section 2241 petition in federal court, a petitioner must first exhaust his available state court remedies. Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio, 668 F.3d 804, 810 & n.4 (6th Cir. 2012). For a prisoner challenging a sentence expiration date or release eligibility date, state remedies must be pursued under the Uniform Administrative Procedures Act (UAPA). Murphy v. Dep't of Corr., No. 3:19-cv-00487, 2019 WL 4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (citing, e.g., Hughley v. State, 208 S.W.3d 388, 395 (Tenn. 2006)). "In order to exhaust under the UAPA, a petitioner first must seek a declaratory order regarding the sentence calculation from [the Tennessee Department of Correction (TDOC)]," and, if no such order issues, "the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." Id. (citing cases). Petitioner asks this Court to "make sure [that] TDOC gets all [his] jail credits" and "release[s] [him] accordingly," and to ensure that he receives the jail credits he is due "as long as [he is] incarcerated." (Doc. No. 1 at 6). But there is no indication in the petition or in Petitioner's other filings that he pursued administrative remedies for his release eligibility claim in the short time between his sentencing and the filing of this action. In fact, he indicates that he filed "multiple grievances" but did not seek an administrative remedy before filing the petition. (Id. at 2.)

In addition, to the extent that Petitioner challenges the actions of a local jail official and seeks an injunctive remedy, the petition would appear to be subject to dismissal for mootness following Petitioner's transfer from the Humphreys County Jail and Respondent's purview. See McClain v. Main, No. CV 20-12725, 2020 WL 8572405, at *2 (E.D. Mich. Dec. 8, 2020) (dismissing § 2241 petition upon noting that "the Sixth Circuit has consistently found that release from a corrections facility or transfer to a different one renders requests for injunctive relief against

---

FBI in order to relieve him from the effects of this scheme (Doc. No. 9 at 1; see Doc. No. 6 at 6–7), but does not clarify the status of his release date since arriving in Montgomery County.

3

the prior facility moot") (citing, e.g., Coleman v. Bowerman, 474 F. App'x 435, 438 (6th Cir. 2012)); Rumbaugh v. Dewalt, No. CIV.A.08-CV-509-JMH, 2009 WL 704285, at *2–3 (E.D. Ky. Mar. 16, 2009) (dismissing § 2241 petition on administrative exhaustion and mootness grounds).

### III. CONCLUSION

After conducting a preliminary review of Petitioner's Section 2241 petition under Habeas Rule 4, it appears that the petition should be dismissed. However, in an abundance of caution, Petitioner will be given the opportunity to **SHOW CAUSE** why this case should not be dismissed on the grounds identified above. Petitioner's response to this Order must be **RECEIVED** in this Court within **30 DAYS** of the date the Order is entered on the docket.

Petitioner is cautioned that failure to comply with this Order (or seek an extension of time within which to do so) within the time frame specified, or failure to keep the Court apprised of his current address, may result in the dismissal of this action.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE